**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICARDO SALGADO,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-1863** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, FCI LEWISBURG,** | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Pending before the Court is Ricardo Salgado's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Petitioner's petition will be **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner is a citizen and national of Mexico. (Doc. 8-3 at 12). He entered the United States as an IR1 spouse of a United States citizen on February 1, 2008. *Id.* at 3. On February 8, 2008, Petitioner applied for 1-485 lawful permanent residency. *Id.* His application was approved on February 20, 2008, and his permanent residency expires on March 24, 2028. *Id.* Petitioner was never granted voluntary departures or returns. *Id.* at 4.

Since his arrival to the United States, Petitioner has accumulated a concerning criminal record. On December 2, 2014, Petitioner was arrested

by the Whitfield County Sheriff's Office (Georgia) for attempt or conspiracy to violate the Georgia Controlled Substance Act; trafficking of cocaine, illegal drugs, marijuana, or methamphetamine; and use of communication facility in commission of a felony involving controlled substances. *Id.* at 4. These charges were subsequently dismissed. *Id.*

On March 30, 2022, Petitioner was arrested by the Whitfield County Sheriff's Office for battery- family violence and cruelty to children-1st degree. *Id.*; *see also* (Doc. 8-4). On December 2, 2022, Petitioner pleaded guilty to simple battery- family violence, and disorderly conduct. *Id.* He was sentenced to thirty days of confinement and eleven months of probation. *Id.* On August 27, 2022, Petitioner was arrested by the Whitfield County Sheriff's Office for stalking. *Id.* On November 30, 2022, Petitioner was convicted and sentenced to thirty days of confinement. *Id.* On June 5, 2024, Petitioner was arrested by the Whitfield County Sheriff's Office for aggravated assault- family violence, and aggravated stalking- family violence. On August 27, 2024, he was convicted of simple assault- family violence and simple battery- family violence. *Id.* He was sentenced to seventy-nine days of confinement followed by twelve months of probation. *Id.* On February 27, 2025, Petitioner was arrested by the Whitfield County Sheriff's Office for violating his

probation, and on March 4, 2025, he was sentenced to sixty days of confinement. *Id.*

ICE encountered Petitioner after his February 27, 2025 arrest. *Id.* at 3. Petitioner was served immigration documents in the Spanish language using an interpreter, including a warrant for arrest of alien (I-200), notice of custody determination (I-286), and notice of rights and request for disposition (I-826). *Id.* at 5. Near the end of his sixty-day-sentence, Petitioner was served a notice to appear ("NTA") before an immigration judge, charging him as removable under Immigration and Nationality Act ("INA") §237(a)(2)(E)(i) as an alien having been convicted of a crime of domestic violence, stalking or child abuse, neglect, or abandonment. (Doc. 8-5).

On September 18, 2025, Immigration Judge Jennifer Piatesky ordered Petitioner removed, and denied his application for cancellation of removal for lawful permanent residents. (Doc. 8-2). Petitioner subsequently appealed from Judge Piatesky's decision to the Board of Immigration Appeals ("BIA").

On July 7, 2026, Petitioner filed the instant *pro se* petition for habeas corpus, arguing that his detention has become illegally prolonged and that it does not appear that his removal will occur in the reasonably foreseeable future because the appeal remains pending. (Doc. 1). However, three days later, on July 9, 2026, the BIA denied Petitioner's appeal. (Doc. 8-6). On July

27, 2026, Respondent filed a response to the petition. (Doc. 8). Petitioner did not file a traverse. Thus, the petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that

§1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)).

Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1231, which precludes immigration judges from holding a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) (holding that the Government is not required to offer bond hearings after six months of detention to noncitizens held beyond the 90-day removal period set by §1231).

**c. Merits**

Petitioner argues that his detention has become unlawfully prolonged and that he, therefore, should be released from custody. When an immigration detainee has been given a final order of removal, his detention is governed by 8 U.S.C. §1231. Under the statute, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). This ninety day "removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

In *Zadvydas v. Davis*, the Supreme Court held that the Government may not detain aliens indefinitely following a final order of removal. 533 U.S.

678, 689 (2001). Indeed, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. However, the court noted that it "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time." *Id.* at 701. Accordingly, the court reasoned that detention for up to 6 months following a final order of removal is "presumptively reasonable." *Id.*

"After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "for detention to remain reasonable, as the period of prior postremoval grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Here, Petitioner's order of removal became final on July 9, 2026, when the BIA dismissed his appeal. (Doc. 8-6); 8 U.S.C. §1231(a)(1)(B). As of the date of this Memorandum, the ninety-day period to effectuate Petitioner's removal, *i.e.* Wednesday, October 7, 2026, has not lapsed. 8 U.S.C. §1231(a)(1)(A). Thus, Petitioner's detention under §1231 has not become unconstitutionally prolonged from the date his order of removal became final to the last date within the period of removal. The petition is premature.

The Court notes, however, that Petitioner may file subsequent habeas petitions if it turns out that his detention does, in fact, become unreasonably prolonged. Indeed, given the routine nature of deportations to Mexico, any significant future delay would strike the Court as likely unreasonable.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/21/26
26-1863-01